**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**GREGORY HOLT**                                                          **PETITIONER**

**VS.**                          **CASE NO. 5:18CV00264 KGB/PSH**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Gregory Holt ("Holt"), in the custody of the Arkansas Department of Correction (ADC), brings this habeas corpus  action pursuant to 28 U.S.C. § 2254.  He challenges the manner in which his sentence is being executed, alleging that he was wrongfully convicted of a disciplinary infraction at the ADC's Maximum Security Unit.

The pertinent facts are largely undisputed.  On February 8, 2018, Holt was convicted of disciplinary infractions for failing to obey verbal and/or written orders of staff and for failure to keep one's person or quarters in accordance with ADC regulations.  As a result of the disciplinary violations Holt lost all privileges for 45 days.  Holt argues the sanctions imposed are harsh because his behavior was based on good faith efforts to store legal property, and he alleges the sanctions

should be removed and the disciplinary convictions reversed because his main witness's statement was not taken in a timely manner.

Respondent Wendy Kelley ("Kelley") contends this petition should be dismissed for failure to state a cognizable claim. There is merit in this argument, and the Court recommends that the petition be dismissed and the relief requested be denied.

**Analysis:**

Traditionally, federal habeas corpus actions are brought to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Habeas corpus actions are contrasted with civil rights complaints brought under 42 U.S.C. § 1983, which are available to challenge the conditions of prison life but not the fact or length of imprisonment. *Id. at 499.* Here, it is conceded that the prison disciplinary determination resulted in a 45 day restriction from commissary, phone, and visitation privileges. Docket entry no. 6-1, page 21. Significantly, there was no loss of good-time credits. Since there was no loss of good-time credits, the prison disciplinary sentence had no effect on the term of incarceration, and a prisoner challenging the decision "raise[s] no claim on which habeas relief could have been granted. . ." *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004). The Eighth Circuit Court of Appeals, in *Spencer v. Haynes,* 774 F.3d 467, 469-470 (8th Cir. 2014), guides the Court in this instance: "As we stated in *Kruger v. Erickson,* '[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.' 77 F.3d 1071, 1073 (8th Cir.1996) (per curiam) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973))." See *also Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th Cir. 2002) (habeas claims regarding prison mail and segregation were improperly brought pursuant to § 2254 because there was no allegation that the petitioner's sentence was illegally extended). Since Holt's allegations are deficient, this Court is without subject matter jurisdiction, and the case should be dismissed.[1]

---

[1]Holt's motion for temporary restraining order and/or preliminary injunction (docket entry no. 10) is denied as moot. Since he fails to state a cognizable habeas claim, he states no basis for injunctive relief in this case. *See, e.g., Martinez v. Kelley,* Case no. 5:17cv298 DPM (E.D. Ark.

**Conclusion:**

In summary, the sanctions imposed by the ADC disciplinary committee did not include a loss of accrued good-time credits.  There is no allegation or showing that success on Holt's claims would result in any change in the duration of his confinement in the ADC.  As a result, the claims would more appropriately be brought in a § 1983 civil rights action rather than in a habeas corpus proceeding.  Whether couched as a failure to state a cognizable claim or a lack of jurisdiction, the result is the same.  The Court recommends that Holt's case be dismissed and the relief requested be denied.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 8th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

Mar. 28, 2018).

[2]Kelley also alleges that there is no merit to Holt's due process and actual innocence assertions.  The Court need not consider these arguments, as it does not have subject matter jurisdiction over the claims contained in Holt's habeas corpus petition.