# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**GREGORY HOLT**                                                  **PETITIONER**
**ADC #129616**

v.                         **Case No. 5:18-cv-00264-KGB**

**WENDY KELLEY, Director**
**Arkansas Department of Correction**                       **RESPONDENT**

## ORDER

The Court has reviewed the Findings and Recommendation filed by United States Magistrate Judge Patricia S. Harris (Dkt. No. 16). Petitioner Gregory Holt has filed objections (Dkt. No. 19). After careful review of the Findings and Recommendation, a *de novo* review of the record, and a review of all of Mr. Holt's objections thereto, the Court adopts, in part, and declines to adopt, in part, the Findings and Recommendation (Dkt. No. 16).

The Court grants Mr. Holt's motion for extension of time to file objections (Dkt. No. 18), and the Court has considered the objections Mr. Holt filed to the Findings and Recommendation (Dkt. No. 19). The Court denies Mr. Holt's motion for temporary restraining order and/or preliminary injunction and amended motion for preliminary injunction, temporary restraining order, and motion for emergency *ex parte* relief (Dkt. Nos. 10, 17). The Court also denies as moot the motion for extension of time to file reply to response to motion for temporary restraining order and preliminary injunction (Dkt. No. 15)

Mr. Holt is a prisoner in the custody of the Arkansas Department of Correction ("ADC"). Mr. Holt filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2241, alleging that he was wrongfully convicted of a disciplinary infraction at the ADC's Maximum Security Unit (Dkt. No. 2). The Findings and Recommendation recommend dismissal of Mr. Holt's petition for *habeas*

*corpus* because Mr. Holt's challenged disciplinary infraction had no effect upon his term of incarceration (Dkt. No. 16, at 2). Furthermore, it appears that Judge Harris construed Mr. Holt's petition for *habeas corpus* as one brought pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

In his objections, Mr. Holt makes the following arguments in support of his position that his petition should not be dismissed: (1) his petition is properly brought under 28 U.S.C. § 2241; (2) he is seeking *habeas* review, not filing a civil rights case pursuant to 42 U.S.C. § 1983; (3) he is required to seek *habeas* review prior to filing an action under 42 U.S.C. § 1983; (4) the Court should interpret 28 U.S.C. § 2241 as being available to state prisoners who make a showing of actual innocence; and (5) the Court should overrule or distinguish *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014), or convert his petition to an action under 42 U.S.C. § 1983.

First, the Court finds that Mr. Holt's petition is not properly brought pursuant to 28 U.S.C. § 2241; the Eighth Circuit Court of Appeals has held that 28 U.S.C. § 2254 is the exclusive avenue for "person[s] in custody pursuant to the judgment of a State court" seeking habeas relief. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (citing 28 U.S.C. § 2254(a)). Thus, as Mr. Holt is incarcerated pursuant to a state court judgment, Judge Harris correctly construed Mr. Holt's petition as brought under 28 U.S.C. § 2254.

Second, to the extent Mr. Holt attempts to characterize the relief he seeks as properly falling under the *habeas corpus* statutes, the Court disagrees. Mr. Holt's petition seeks relief relating to disciplinary measures taken by ADC, and Mr. Holt does not allege or demonstrate that the sanctions allegedly imposed upon him lengthen the duration of his confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (holding that a *habeas* petition is not a proper remedy for a condition-of-confinement claim).

2

Third, the Court declines Mr. Holt's invitation to construe 28 U.S.C. § 2241 as providing relief to state prisoners who make a showing of actual innocence. *See Crouch*, 251 F.3d at 723 (holding that § 2254 is the sole remedy for state court prisoners seeking *habeas* relief).

Finally, the Court declines Mr. Holt's invitation to distinguish or decline to follow the Eighth Circuit's decision in *Spencer v. Haynes*. Accordingly, the Court concludes that Mr. Holt has not raised cognizable issues for federal *habeas* review.[1]

The Court does, however, note that Mr. Holt has expressed a desire to convert his *habeas* petition into one for relief under 42 U.S.C. § 1983. The Eighth Circuit has approved a conversion of a *habeas* petition into an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 338 (1971). *Spencer*, 774 F.3d at 471-72. Given this precedent, the Court will allow Mr. Holt to file an amended complaint alleging claims under 42 U.S.C. § 1983 and to convert this action into one under 42 U.S.C. § 1983, subject to the following directions. Mr. Holt must file an amended complaint in this action alleging claims under 42 U.S.C. § 1983 within 30 days from the entry of this Order. His failure to do so may result in the dismissal without prejudice of this action.

If Mr. Holt pursues claims under 42 U.S.C. § 1983 and has not fully exhausted his administrative remedies in connection with these claims before filing suit, the ADC can raise Mr. Holt's failure to exhaust administrative remedies as an affirmative defense. If the ADC prevails on that affirmative defense, that affirmative defense will provide a basis for granting summary judgment in favor of the ADC on Mr. Holt's converted claims and dismissing without prejudice his claims under 42 U.S.C. § 1983. In other words, if Mr. Holt has failed to exhaust his

---

[1] Because Mr. Holt has failed to state a cognizable *habeas* claim, he has no basis for injunctive relief in this case. The Court therefore denies Mr. Holt's motion for temporary restraining order and/or preliminary injunction and amended motion for preliminary injunction, temporary restraining order, and motion for emergency *ex parte* relief (Dkt. Nos. 10, 17).

administrative remedies in connection with his claims, it may not be in his best interest to convert this action into a 42 U.S.C. § 1983 action at this time. Rather, he may wish to consider exhausting his administrative remedies in connection with his claims before bringing them in federal court.

Finally, if Mr. Holt elects to convert his *habeas* action into a 42 U.S.C. § 1983 action, he must also comply with the filing fee requirement. Every civil case filed by a prisoner requires the plaintiff to pay a filing fee. 28 U.S.C. § 1915. A $400.00 filing fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once. If he cannot afford to pay the filing fee in a lump sum, Mr. Holt may file a motion to proceed *in forma pauperis* ("IFP"). If Mr. Holt is granted IFP status, the filing fee is $350.00, which will be collected in installments from his prisoner trust account. Importantly, even if Mr. Holt's 42 U.S.C. § 1983 lawsuit is later dismissed for any reason, the Court will continue to collect the filing fee until it has received the full amount of $350.00 from his prisoner trust account.

It is therefore ordered that:

1. The Court adopts, in part, and declines to adopt, in part, the Findings and Recommendation (Dkt. No. 16).

2. The Clerk is directed to mail to Mr. Holt an IFP application, along with a prisoner calculation sheet.

3. If Mr. Holt wishes to convert his *habeas* action into an action under 42 U.S.C. § 1983, he must: (1) file an amended complaint alleging claims pursuant to 42 U.S.C. § 1983 within 30 days from the entry of this Order; and (2) either pay the $400.00 filing fee in full or file an IFP motion. If Mr. Holt does not properly and timely comply with this Order, the Court may dismiss without prejudice this action.

4. The Court grants Mr. Holt's motion for extension of time to file objections (Dkt. No. 18).

5. The Court denies Mr. Holt's motion for temporary restraining order and/or preliminary injunction and amended motion for preliminary injunction, temporary restraining order, and motion for emergency *ex parte* relief (Dkt. Nos. 10, 17). The Court also denies as moot the motion for extension of time to file reply to response to motion for temporary restraining order and preliminary injunction (Dkt. No. 15).

So ordered this the 19th day of August 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge