IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**GREGORY HOLT**                                                                                   **PETITIONER**
ADC #129616

v.                                   Case No. 5:18-cv-00264-KGB

**WENDY KELLEY, Director**
**Arkansas Department of Correction**                                                **RESPONDENT**

<u>**ORDER**</u>

Before the Court is plaintiff Gregory Holt's motion and memorandum for temporary restraining order and/or preliminary injunction and two Proposed Findings and Partial Recommendations submitted by United States Magistrate Judge Patricia S. Harris (Dkt. Nos. 30, 34, 35). Mr. Holt has filed objections to both Proposed Findings and Partial Recommendations (Dkt. Nos. 41, 47). After careful consideration of the Proposed Findings and Partial Recommendations, the objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Partial Recommendations as its findings in all respects (Dkt. Nos. 34, 35). Accordingly, the Court allows Mr. Holt's First Amendment and state law conversion claims to proceed, dismisses his remaining claims, and denies his motion for a temporary restraining order and preliminary injunction (Dkt. Nos. 29, 30).

**I.      Background**

Mr. Holt filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he was wrongfully convicted of a disciplinary infraction at the Arkansas Department of Corrections' ("ADC") Maximum Security Unit (Dkt. No. 2). Mr. Holt converted his case to a civil rights case pursuant to 42 U.S.C. § 1983 and subsequently filed an amended complaint clarifying his claims against defendant Wendy Kelley in her official capacity as Director of the ADC (Dkt. Nos. 24, 25,

29).  Mr. Holt seeks injunctive and declaratory relief as well as expungement of a disciplinary conviction (Dkt. No. 29, at 30).

Mr. Holt's complaint stems from a disciplinary conviction he received in February 2018 for possessing large amounts of legal property in violation of the ADC's excess property policy (Dkt. No. 35, at 1).  Mr. Holt complains that this policy is unconstitutional as applied to him, claims that his due process and First Amendment rights have been violated, and asserts state law claims for intentional infliction of emotional distress and conversion (*Id.*, at 1-2).  Mr. Holt also moves for a preliminary injunction and temporary restraining order to allow him "to retain in his immediate possession and control 6 clear property bags of legal materials" (Dkt. No. 30, at 3).  Mr. Holt indicates that he currently has possession of this property despite a prison policy that does not allow it, but he fears the current administration may take his property at any time (*Id.*, at 9).  Mr. Holt claims that he faces irreparable harm if his property is taken in that he may be subject to disciplinary action and the property may be destroyed (*Id.*, at 13-20).

## II.     First Proposed Findings And Partial Recommendation

The first Proposed Findings and Partial Recommendation concerns Mr. Holt's amended complaint, which claims should proceed, and which claims should be dismissed (Dkt. Nos. 29; 34, at 2).  Judge Harris concludes that Mr. Holt should be allowed to proceed with his First Amendment and state law conversion claims and that all other claims should be dismissed (Dkt. No. 34, at 7-8).  In particular, Judge Harris recommends that Mr. Holt's due process and intentional infliction of emotional distress claims be dismissed without prejudice for failure to state a claim upon which relief may be granted (*Id.*, at 8).  The Court writes separately to address Mr. Holt's objections (Dkt. No. 41).

Mr. Holt raises multiple arguments in his objections. Mr. Holt asserts that he was served wrongly with an ISSR-100 disciplinary form rather than the required F-831-1 form (*Id.*, at 2). Mr. Holt claims that the ISSR-100 does not appear in the Uniform Numbering System of the Arkansas Administrative Procedures Act, whereas the F-831-1 form does (*Id.*). As such, Mr. Holt claims that the ISSR-100 form is not a disciplinary, he did not receive proper notice, and his procedural due process rights were violated (*Id.*, at 2-3). Mr. Holt argues that the Arkansas General Assembly's enactment of the Arkansas Administrative Procedures Act, Arkansas Code Annotated § 25-15-218, including the Uniform Numbering System, provided a state-created liberty interest requiring prison officials to comply with internal rules or procedures during the disciplinary process (*Id.*, at 3-4). Additionally, Mr. Holt asks this Court to overrule *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003), and *Gardner v. Howard*, 109 F.3d 427 (8th Cir. 1997) (Dkt. No. 41, at 4).

Judge Harris determined that "[p]risoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures during the disciplinary process" (Dkt. No. 34, at 3). The Court sees nothing in the Arkansas Administrative Procedures Act conferring upon Mr. Holt a state-created liberty interest requiring prison officials to comply with internal rules or procedures during the disciplinary process, despite Mr. Holt's contention to the contrary. *See* Ark. Code Ann. §§ 25-15-201 to 220. Additionally, this Court is unable to overrule *Phillips* and *Gardner* unilaterally , as Eighth Circuit precedent is binding upon this Court. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority.").

Accordingly, the Court overrules Mr. Holt's objections and adopts Judge Harris' first Proposed Findings and Partial Recommendation in its entirety (Dkt. Nos. 34, 41).

### III.     Second Proposed Findings And Partial Recommendation

The second Proposed Findings and Partial Recommendation concerns Mr. Holt's motion for temporary restraining order and preliminary injunction (Dkt. Nos. 30, 35). Judge Harris outlines the standard for injunctive relief from *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (Dkt. No. 30, at 2). In ruling on a plaintiff's request for injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *See Dataphase*, 640 F.2d at 114. Applying the *Dataphase* factors, Judge Harris determined that Mr. Holt has not shown that he faces irreparable harm if his motion is not granted, has not proven that he is likely to succeed on the merits, and has not demonstrated that the Court should interfere in the complex and intractable problems associated with prison administration at this stage of the litigation (Dkt. No. 30, at 2-3). Judge Harris finds these factors to weigh against Mr. Holt's request and recommends the denial of injunctive relief (*Id.*, at 3). The Court writes separately to address Mr. Holt's objections (Dkt. No. 47).[1]

In his objections, Mr. Holt essentially argues that the *Dataphase* factors cut in favor of injunctive relief (*Id.*, at 1-14). Mr. Holt already made this argument in lengthy terms in his underlying motion for temporary restraining order and preliminary injunction (Dkt. No. 30, at 10-27). In response to Judge Harris' finding that Mr. Holt has not set forth any particulars as to how the loss of his property would affect any pending legal actions, Mr. Holt appears to identify four

---

[1] The Court notes that Mr. Holt's objections to the second Proposed Findings and Partial Recommendation were filed on January 9, 2020, over two weeks after the deadline for doing so (Dkt. Nos. 35, 47). Given the federal holidays falling between December 9, 2019—the date upon which Judge Harris submitted the second Proposed Findings and Recommendation—and January 9, 2020, the Court has still reviewed Mr. Holt's objections and taken them into consideration.

pending legal actions which he claims would be affected by the loss of his property (Dkt. Nos. 35, at 3; 47, at 2-4). Mr. Holt also claims that while he currently has possession of his legal property, it could still be taken at any time (Dkt. No. 47, at 5). The Court gives due consideration to Mr. Holt's points.

However, the Court does not conclude that Mr. Holt's objections demonstrate a likelihood of success on the merits nor that the public interest weighs in favor of the Court's wading into the prison's administration at this stage of the litigation. Judge Harris' first Proposed Findings and Partial Recommendation identifies that more facts are needed to determine if Mr. Holt has proper standing to bring claims on behalf of other inmates, and Judge Harris' second Proposed Findings and Partial Recommendation identifies that more facts are also needed to determine whether the loss of Mr. Holt's materials actually injured Mr. Holt's success in other pending court cases (Dkt. No. 35, at 3). Mr. Holt's objections do not effectively rebut those conclusions and establish likelihood of success on the merits. Further, Mr. Holt's objections do not convince the Court that the public interest favors preliminarily interfering with prison administration at this early stage of the litigation. Further development of the factual record and briefing on the legal issues in question is warranted for those claims the Court permits to proceed.

Accordingly, the Court overrules Mr. Holt's objections and adopts Judge Harris' second Proposed Findings and Partial Recommendation in its entirety (Dkt. Nos. 35, 47).

### IV.   Conclusion

For the above reasons, the Court adopts Judge Harris' two Proposed Findings and Partial Recommendations in their entirety as its findings in all respects (Dkt. Nos. 34, 35). Mr. Holt may proceed with his First Amendment and state law conversion claims (Dkt. No. 29). The Court

dismisses Mr. Holt's remaining claims and denies his motion for temporary restraining order and preliminary injunction (Dkt. Nos. 29, 30).

It is so ordered this 30th day of September, 2020.

_____
Kristine G. Baker
United States District Judge